BARNEY MALKO, APPELLEE, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY ET AL., APPELLANTS.

FILED DECEMBER 23, 1915.    No. 18535.

1. Railroads: INJURY TO PEDESTRIAN: DUTY OF TRAINMEN. A pedestrian was struck by a passing train while walking along a well-beaten footpath between the main tracks of a railroad, which path had been used by the public for more than twenty years without objection by the company's officers and employees. He was apparently oblivious of the approach, but was seen for the distance of a quarter of a mile by the engineer and fireman of the train. He was struck by the overhang of the engine and severely injured. Under such circumstances it was the duty of those in charge of the train approaching him from the rear, not only to ring the bell, but to sound the whistle to warn him of his danger, and thus enable him to take a position of safety.

2. Trial: INSTRUCTIONS. Where the trial court has properly instructed the jury on the question of the plaintiff's contributory negligence, it is not reversible error to refuse to give another and more specific instruction of the same nature at the request of the defendant.

3. Record examined, and found that the other instructions were properly given and refused.

4. Damages. A verdict and judgment for the plaintiff for $10,000, under the circumstances as shown by the evidence, *held* to be excessive, and the recovery is reduced to the sum of $7,000.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed on condition.*

*William D. McHugh* and *W. H. Herdman,* for appellants.

*Gurley, Woodrough & Fitch, contra.*

BARNES, J.

This was an action to recover damages alleged to have been sustained by the plaintiff by being struck by one of the defendant railroad company's engines attached to a passenger train running over the Union Pacific Railroad Company's tracks between Omaha and South Omaha.

It appears that on the 8th day of April, 1912, the plaintiff, with two companions, was walking from the packing houses in South Omaha toward the city of Omaha along a beaten path between the two main-line tracks of the Union Pacific Railroad Company. The place where the plaintiff was walking at the time of the accident was much used by pedestrians in traveling to and from the packing houses and had been so used for more than 20 years. It appears that there were signs posted along the right of way stating that the tracks were private grounds, and that persons using the right of way would be trespassers, but that rule had never been enforced by the officers or employees of the company. The defendant company in this case was using the Union Pacific tracks over which to run their through passenger trains from a junction near South Omaha to the Union Station in the city of Omaha. While plaintiff was walking along the path above mentioned, in the direction of Omaha, a through passenger train of the defendant company came from the south behind him and the overhang of the engine struck and injured him. One Nat Downes, who was the engineer in charge of the engine, was joined with the railroad company as a defendant.

Plaintiff's petition presented two theories on which a recovery was sought. First, that while the plaintiff was rightfully walking on the right of way of the railroad, and near the track upon which the engine and train were running, the defendants negligently failed to ring the bell or

blow the whistle or slow down the train or to warn the
plaintiff in any way of its approach. The second theory
is based upon the claim that, while plaintiff was walking
near the track upon which the train was being operated,
the defendant railroad company's engineer and fireman
saw that he was in a position of peril, and, after seeing
and knowing such situation, they negligently failed to give
him any warning of the approach of the train by ringing
the bell or sounding the whistle or slowing down or stop-
ping the train so as to prevent the injury; that his injuries
could have been avoided by the defendants, after seeing
plaintiff's peril and danger, by exercising reasonable care
to warn him by bell or whistle or slowing down and stop-
ping the train.

The defendants filed separate answers, each containing
certain formal admissions, and also a general denial and
plea of contributory negligence, as follows: "Further
answering said petition, the defendant alleges that what-
ever injuries were received by said plaintiff were received
by him solely as the direct and proximate result of his
own negligence and carelessness in not taking proper care
to protect himself from injury, and in not taking proper
care to avoid danger, in this, that said plaintiff carelessly
and negligently stepped on the tracks or so near thereto
as to be within the overhang of the engine and cars im-
mediately in front of the engine operated by this defen-
dant, which was bordering on said track, the said engine
being in plain sight and but a few feet distant from said
plaintiff." The reply to the answers was a general denial.
On the issues thus joined the cause was tried in the dis-
trict court for Douglas county. The jury returned a ver-
dict for the plaintiff and against both of the defendants
for the sum of $10,000. Judgment was rendered on the
verdict, and the defendants have appealed.

The only serious conflict in the evidence was whether
the plaintiff, at the time the accident occured, was walking
so close to the track that he was in danger of being struck
by the engine. The plaintiff's evidence was, in substance,

that he was walking along the path with his back towards the oncoming train; that he did not see the train and had no warning of its approach, and that he did not swerve to the right; that defendant Downes failed to ring the bell or sound the whistle of the engine before it struck him. On the other hand, the defendant's testimony was that the engineer and fireman saw plaintiff for about a quarter of a mile before the train reached him; that they thought he was a sufficient distance from the track to be out of danger, but just as the train reached him he turned, or swerved, to the right and towards the track, so that he was struck by the overhang of the engine, and was injured without any negligence on the defendant's part. It appears that the whistle was not sounded, but the defendants testified that the automatic engine bell was ringing. This conflict in the evidence was sufficient to take the case to the jury, for, if the whistle had been sounded, the plaintiff would have known of the approach of the train and would have removed himself to a place of safety.

Defendants' first contention is that the district court erred in refusing to give instruction No. 3, which they requested, for the reason that it fairly stated their theory of the case. It reads as follows: "You are instructed that if you find from the testimony that the plaintiff Malko, when first seen by the defendant Downes, the engineer operating the defendant company's train, was walking so far distant from the track on which said train was running as to be out of danger of injury therefrom as it passed him, then and in that case the defendant Downes, as the engineer of the train and operating the engine on said train, was not bound to check the speed of his train, and had the right to presume that plaintiff would continue to walk so far distant from the track as to be in no danger of injury from the passing of the train; and, if you find from the evidence that the plaintiff immediately before being struck by said train moved from his position of safety to the right and towards the track on which train was approaching, and

thus brought himself so near said track that he was struck by said train in passing, and you further find that after plaintiff so moved towards said track, the defendant Downes, in the exercise of all reasonable care and diligence on his part, could not check the speed of or stop his engine and avoid striking the plaintiff, then and in such case your verdict must be for the defendants." It appears, however, that the court gave a like instruction on his own motion. Paragraph numbered 9 of the court's instructions reads as follows: "The defendants allege in their answer that the injuries to the plaintiff were caused by his own negligence and want of care in looking out for his own safety, and the burden of proof is upon the defendants to show by a preponderance of the testimony that the plaintiff was negligent, and that his negligence contributed to the injury. And in passing upon this issue you are instructed that a person walking upon a railroad track is bound to exercise reasonable care for his own safety, and it was his duty to look and listen, such as an ordinarily prudent person would have done under the situation and surroundings then present. And if you believe from all the testimony that the plaintiff did not take such precautions in looking or listening or otherwise watching out for his own safety as an ordinarily prudent person would have done under the circumstances and surroundings then present, then you should find that the plaintiff was guilty of negligence, and if you further believe from the evidence that such negligence of the plaintiff contributed to his said injury, then he could not recover upon his first theory, and you will find for the defendants upon that issue." We are satisfied that this instruction fairly stated the defendants' theory, and, while it was not in the exact language of the one requested, its effect was the same, and the jury could not have been misled on the question of contributory negligence by anything contained therein.

It is further contended that the court erred in refusing to give instructions numbered 1 and 2 requested by the

the defendants. Without setting out these instructions, in the opinion, it may be said that they did not apply to the facts of this case.

The plaintiff, at the time he was injured, was walking along a well-beaten path which had been used by pedestrians for more than 20 years, with the knowledge and at least the tacit consent of the officers and employees of the railroad company. He was therefore not a tresspasser in the strict sense of the word, but was in a sense a licensee, and the defendants were charged with the duty of so operating their train by giving suitable signals of its approach as to enable plaintiff to remove himself from the place of danger and thus avoid the injury. Many other assignments of error are based upon the refusal of the court to give requested instructions; but, after a careful examination of the record, we are of the opinion that the court did not err in giving any of the instructions given or in refusing to give any that were requested.

Finally, it is contended that the verdict and judgment is excessive. We think there is merit in this contention. It appears from the evidence, without dispute, that the plaintiff was a common laborer 39 years of age; that at the time he was injured he was earning $1.75 a day. There is no evidence showing, or tending to show, that his earnings would ever exceed that amount. If plaintiff should work steadily for eight hours a day he would earn $436.80 a year. Common experience teaches us that the hazard of sickness, disease, and loss of time is such that plaintiff could not reasonably be expected to earn that amount per year during his entire life expectancy. Again, the uncertainties of obtaining employment are such that there would be times when he could not earn that amount by reason of slack business conditions. The record shows that the injury to his shoulder and arm were severe and are permanent. It does not show, however, that he is wholly incapacitated. The evidence shows that after he recovered from his injury he worked for a time at one of the packing houses, and that while he so worked he re-

ceived as wages 12 cents an hour, so it cannot be stated that he is wholly incapacitated from labor. His life expectancy was about 29 years, but, of course, it could not be expected that he would be able to continually labor for that length of time. The verdict and judgment in this case is $10,000. We are of the opinion that a verdict for $5,000 would compensate him for his loss of earning capacity. In addition to that, plaintiff should recover a reasonable sum for his pain and suffering, together with the amount necessary to pay for the services of his physician and his hospital charges. Allowing $2,000 for those items, and adding this to his loss of earning capacity, we have $7,000. This, we are of the opinion, would be amply sufficient to compensate the plaintiff for all of the injuries he has sustained. The verdict and judgment should be reduced to that amount.

It is therefore ordered that the plaintiff be required to file a remittitur in the sum of $3,000, and, if such remittitur is filed within 20 days, the judgment of the district court, as thus reduced, will be affirmed; otherwise, the judgment will be reversed and the cause remanded for further proceedings.

                    AFFIRMED ON CONDITION.

SEDGWICK, J., concurs in the conclusion.